# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:05cv128

| | |
|---|---|
| LESLIE LYNN DAMARE, ) <br> ) <br> Appellant, ) <br> ) <br> vs. ) <br> ) <br> BARWICK & ASSOCIATES, LLC and ) <br> 1423 S. TRYON PARTNERS, LLC, ) <br> ) <br> Appellees. ) <br> _____ ) | **MEMORANDUM <br> AND ORDER** |

**THIS MATTER** is before the Court on appeal from the Judgment of U.S. Bankruptcy Court Judge J. Craig Whitley entered on March 9, 2005. Appellant Leslie Lynn Damare (Debtor) appeals Judge Whitley's order awarding Appellees Barwick & Associates, LLC and 1423 S. Tryon Partners, LLC (Landlords) $5,200 in compensatory damages, arguing (1) that the Landlords are "not entitled to damages for lost rent because they failed to properly mitigate [sic] their damages in accordance with applicable North Carolina law" and (2) that the Bankruptcy Court "applied an incorrect measure of damages in computing its compensatory damage award." [Appellant's Memorandum of Law, Doc. 4 at 4, 6]. For the reasons stated

herein, the Bankruptcy Court's award of damages for lost rent is vacated. In all other respects, the Judgment of the Bankruptcy Court is affirmed.

## I.     Standard of Review

The Bankruptcy Court's factual findings may be reversed only where such findings are clearly erroneous.  See Educational Credit Mgmt. Corp. v. Frushour (In re Frushour), 433 F.3d 393, 398 (4th Cir. 2005).  "Findings of fact are clearly erroneous 'when, although there is evidence to support [them], the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" McGahren v. First Citizens Bank & Trust Co. (In re Weiss), 111 F.3d 1159, 1166 (4th Cir.) (quoting Green v. Staples (In re Green), 934 F.2d 568, 570 (4th Cir. 1991)), cert. denied, 522 U.S. 950, 118 S. Ct. 369, 139 L. Ed. 2d 287 (1997).  The Bankruptcy Court's legal conclusions, however, are subject to a de novo standard of review.  See Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004).

## II.    Statement of Facts

Pursuant to an agreement dated January 28, 2003, the Debtor leased retail space ("Premises") from the Landlords located at 1500 South Boulevard, Suite 101-B, Charlotte, North Carolina, for a 37-month term.

The Debtor defaulted on her lease obligations and vacated the Premises in June, 2004, leaving certain personal property ("Inventory") behind.

On November 11, 2004, the Debtor filed a Chapter 7 Petition. Thereafter, a dispute arose between the Debtor, the Landlords, and the Bankruptcy Trustee regarding the proper disposition of the Inventory, as well as the Landlords' claim for post-petition rent. On December 16, 2004, the Landlords filed an Objection to Exemption and Motion for Approval of Sale of the Inventory which remained at the Premises. The Landlords' motion came on for a hearing on December 21, 2004. During the hearing, the parties reached a settlement of their dispute. Pursuant to the parties' agreement, the Court entered a Consent Order on January 3, 2005, by which the parties agreed that the Landlords would release all claims for administrative rent against the Debtor and that the Debtor would have until 3:00 p.m. on December 24, 2004 to remove all of the Inventory from the Premises. The Consent Order further provides, in pertinent part, as follows:

> Upon Debtor's failure to remove all of the Inventory from the Premises, Landlord shall be entitled to dispose of all of the Inventory as it deems fit and to retain any and all proceeds resulting from such disposition.

The Consent Order further provides that the Debtor's "failure to strictly comply with the terms of this Consent Order shall subject her to the contempt powers of the Court."

The Debtor began to remove the Inventory from the Premises on December 22, 2004, but encountered delays in doing so. As a result, the Debtor did not remove all of the Inventory from the Premises by 3:00 p.m. on December 24, 2004 as required by the Consent Order. Accordingly, on January 10, 2005, the Landlords filed a Motion for Contempt, asking the Bankruptcy Court to hold the Debtor in contempt for her failure to comply with the Consent Order and to award the Landlords their reasonable attorneys' fees incurred in connection with the motion.

The Landlords' contempt motion was heard by the Bankruptcy Court on February 9, 2005. At the hearing, the Landlords presented the testimony of Shawn McAllister, a member and manager of 1423 South Tryon Partners, LLC. [Transcript of February 9, 2005 Proceedings ("Transcript") at 6]. Mr. McAllister testified that the Landlords had arranged for another tenant to move into the Premises on January 15, 2005, and that work crews had been scheduled to begin remodeling the Premises on Monday, December 27, 2004. [Id. at 14]. Because some of the Inventory

4

remained on the Premises, remodeling did not begin as scheduled and the new tenant did not occupy the Premises as of January 15th. Mr. McAllister testified that the new tenant still intended to take possession of the Premises but that the tenant would not move in until March 1, 2005. He indicated that the new tenant had agreed to pay $2400 per month in rent. [Id. at 17-18]. Mr. McAllister further testified that he had been given an estimate that it would cost "at least" $1,000 to have the remainder of the Debtor's Inventory removed from the Premises. [Id. at 22].[1]

Robert Harper, a member of the moving crew hired to remove the Inventory, testified at the hearing on behalf of the Debtor. Mr. Harper described the delays and other problems encountered in attempting to remove the Inventory from the Premises on December 22 and 23, 2004. He further estimated that it would take an additional three to five hours to load the Inventory that had not yet been removed from the Premises. [Transcript at 46].

---

[1] Mr. McAllister further testified that most of the inventory of any resale value had been already removed by the Debtor and that the Premises contained only "the debris and the remains." [Id. at 27].

Other witnesses were called to testify regarding the events surrounding the Debtor's removal of the Inventory, but such evidence is not pertinent to the present appeal.

Following the hearing, the Bankruptcy Court entered its Findings of Fact and Conclusions of Law and Order Regarding Contempt Motion. While finding that the Debtor "clearly failed to comply with the terms of the Consent Order," the Bankruptcy Court found that "her failure was not necessarily a result of her own intentional, willful conduct," and therefore concluded that her actions "did not rise to the level of contempt of the Court's order." [Findings of Fact and Conclusions of Law at 3].

Nevertheless, noting that the Consent Order is "in the nature of a contract between the parties," the Bankruptcy Court found that the Debtor's failure to perform as promised resulted in damages to the Landlords:

> The [Landlords] gave a valuable consideration (forbearance of its administrative rent claim) in return for the [Debtor's] assurance that all of the [Inventory] would be removed from the Premises by December 24, 2004. Time was of the essence in the parties' negotiations, since the [Landlords] had arranged for a new tenant to take possession of the Premises in mid-January and removal of the [Inventory] was necessary to allow sufficient time for needed remodeling . . . .

[Id.]. Accordingly, the Bankruptcy Court awarded the Landlords compensatory damages in the amount of $4,000 for the loss of the value of the Inventory, which the Court found the Landlords were entitled to under the terms of the Consent Order, and a half month's lost rent in the amount of $1,200. Additionally, the Bankruptcy Court awarded the Landlords $3,820 in attorney's fees associated with the filing and prosecution of the contempt motion.[2] [Id. at 3-4].

The Bankruptcy Court entered its Judgment on March 9, 2005, and this appeal timely followed. The Landlords did not file a brief in response to the Debtor's appeal.

## III. Discussion

Consent orders "have attributes both of contracts and of judicial decrees." United States v. ITT Continental Baking Co., 420 U.S. 223, 237 n.10, 95 S. Ct. 926, 935 n.10, 43 L. Ed. 2d 148 (1975); George Banta Co. v. N.L.R.B., 604 F.2d 830, 835 (4th Cir. 1979), cert. denied, 445 U.S. 927, 100 S. Ct. 1312, 63 L. Ed. 2d 759 (1980). Because they are entered by the Court and receive Court approval, consent orders are "subject to the oversight attendant to the court's authority to enforce its orders . . . ."

---

[2]The Debtor does not challenge the award of attorney's fees.

Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 281 (4th Cir.), cert. denied, 537 U.S. 825, 123 S. Ct. 112, 154 L. Ed. 2d 35 (2002).

The Debtor appeals only two elements of the Bankruptcy Court's Order enforcing its earlier Consent Order: (1) the award of damages for lost rent, arguing that the Landlords failed to mitigate and (2) the award of the value of the Inventory to the Landlords pursuant to the terms of the Consent Order.

"With respect to the question of mitigation of damages, the law in North Carolina is that the nonbreaching party to a lease contract has a duty to mitigate his damages upon breach of such contract." Isbey v. Crews, 55 N.C. App. 47, 51, 284 S.E.2d 534, 537 (1981). In the present case, the Landlords presented evidence that they had arranged for another tenant to move into the Premises on January 15, 2005. The new tenant had agreed to pay $2400 per month in rent. Work crews had been scheduled to begin remodeling the Premises for the new tenant beginning on Monday, December 27, 2004. When the Debtor failed to remove all of the Inventory by December 23, 2004, the Landlords did not remove the remaining Inventory, although they certainly had the right to do so under the Consent Order ("Upon Debtor's failure to remove all of the Inventory from the

Premises, Landlord shall be entitled to dispose of all of the Inventory as it deems fit..."). Instead, the Landlords let the remaining Inventory stay on the Premises and filed the motion for contempt. As a result, remodeling did not begin and the new tenant was not able to occupy the Premises by January 15, 2005.

The Debtor presented evidence at the hearing that the remaining Inventory could have been removed from the Premises within three to five hours. There is no evidence in the record to suggest that this amount of work could not have been accomplished (either by the Debtor or the Landlords) on December 27, 2004. Nor was any evidence presented that this delay of a few hours would have prevented the Landlords from remodeling the Premises in time for their new tenant to move in on January 15, 2005. Although the Landlords presented evidence that the removal of the remaining Inventory would have cost approximately $1,000, such expenditure would have prevented them from losing $3,600 for the six weeks of rent they could have collected from the new tenant from January 15 to March 1. Under these circumstances, the Court finds that the Landlords failed to mitigate their damages for lost rent, and thus, the Bankruptcy Court's award of $1,200 in lost rent is vacated.

The Debtor next contends that the Bankruptcy Court further erred in awarding the Landlords $4,000 for the value of the Inventory. The Debtor argues that the cost to clean up the Premises "was the only measure of damages that was within the contemplation of the parties" and is the only measure of damages that would correctly compensate the Landlords for the Debtor's admitted failure to perform fully under the Consent Order.

Because consent orders are negotiated by the parties, courts apply general contract principles to their construction. See ITT Continental Baking, 420 U.S. at 236-37, 95 S. Ct. at 934-35; Blanton v. Federal Land Bank (In re Blanton), 78 B.R. 442, 444 (D.S.C. 1987) ("A consent order has many of the attributes of an ordinary contract and should be construed for enforcement purposes basically as a contract; accordingly, the instrument must be construed as it is written."). As with any contract, the words used in the contract must be given their plain and ordinary meaning. See Blanton, 78 B.R. at 444.

The Consent Order provided that, "[u]pon Debtor's failure to remove *all* of the Inventory from the Premises, Landlord shall be entitled to dispose of *all* of the Inventory as it deems fit and to retain any and all proceeds resulting from such disposition." (Emphasis added). Contrary to the

Debtor's argument, the plain language of the parties' agreement does not evidence an intent to provide merely for the cost of clean up to the Landlords in the event that the Debtor failed to remove all of the Inventory; rather, the agreement provides that the Landlords would be entitled to "dispose of *all* of the Inventory," which would include any Inventory that had been removed from the Premises. Essentially, the parties' agreement provided for an exchange of interests. In return for giving up its administrative rent claim, the Landlords were granted a conditional interest in certain property, namely all the remaining Inventory. Upon the meeting of the condition -- by Debtor not having completely removed all of the Inventory by 3:00 p.m. on December 24 – that conditional interest was triggered and Landlord became the owner of the Inventory, including any removed between December 21 and December 24. The Landlords were then allowed to dispose of the Inventory in whatever manner they chose. Thus, the Bankruptcy Court correctly concluded that the plain terms of the Consent Order entitled the Landlords to possession of all of the Inventory that had been on the Premises. Rather than require the Debtor to return the Inventory to the Landlords, the Bankruptcy Court simply awarded the Landlords the value of the Inventory to which they would have been

entitled under the terms of the Consent Order. The Debtor raises no issue as to the vaulation of the Inventory. Thus, the Court finds no error with this aspect of the Bankruptcy Court's award.

The Debtor argues that in drafting the Consent Order, the parties did not contemplate the surrender of all of the Inventory to the Landlords in the event of the Debtor's default. Specifically, the Debtor argues that such an arrangement could not have been contemplated because the Inventory belonged to the bankruptcy estate and thus was not for the Debtor to give or for the Landlords to take. The Debtor's argument is simply contrary to the plain language of the Consent Order, as discussed above. Moreover, the Debtor's argument ignores the fact that the bankruptcy trustee signed this consent order and agreed to its terms, including the provision that the Inventory would be surrendered to the Landlords in the event that the Debtor failed to remove all of it from the Premises in the time provided. Thus, even assuming that the Inventory belonged to the bankruptcy estate, the bankruptcy trustee, by signing the Consent Order, consented to the transfer or abandonment of the Inventory to the Landlords in the event that the Debtor failed to perform as required by the Consent Order, and the Court approved such transfer by entering the Order.

Debtor further argues that the Bankruptcy Court's award of the entire value of the Inventory was in error because the Court gave no consideration to the costs that would have to be incurred by the Landlords to liquidate the Inventory. Thus, the Debtor argues, the Landlords were put in a better position than if they had actually taken possession of the Inventory. The Court finds no merit in this argument. As the Bankruptcy Court acknowledged, the Landlords would be required to incur the costs for the removal of the remaining Inventory, which the Bankruptcy Court found would cost at least $1,000.00. The Bankruptcy Court did not assess this cost against the Debtor but rather found that it should be borne by the Landlords. Thus, contrary to the Debtor's argument, the Court finds that the Bankruptcy Court properly considered the costs that would be incurred by the Landlords in disposing of the Inventory in making its award.

The Court notes that there is an apparent inconsistency between the Bankruptcy Court's findings and some of the remedies it provided. Since the Bankruptcy Court explicitly declined in its discretion to hold the Debtor in contempt, [Findings of Fact at 3, Transcript at 120], <u>see</u> 18 U.S.C. § 401 (finding of contempt discretionary in Court), the Court was clearly exercising some other power by which it was able to grant the Landlords a

13

remedy for the Debtor's failure to comply with the agreement set forth in the Consent Order.  Since the Bankruptcy Court was not exercising its contempt powers, however, it is unclear on what basis the Court awarded the Landlords their attorney's fees or deemed the debt to be non-dischargeable.  Be that as it may, the Debtor did not appeal those portions of the Bankruptcy Court's Order, and thus these issues are not before the Court.  Such ruminations must be left for another day.

## IV. Conclusion

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that the Debtor's appeal from the Judgment of United States Bankruptcy Court Judge J. Craig Whitley, entered March 9, 2005, is **GRANTED IN PART**, and that portion of the Judgment awarding the Landlords compensatory damages in the amount of $1,200 for lost rent is **VACATED**.  In all other respects, the Debtor's appeal is **DISMISSED**, and the Bankruptcy Court's Judgment is **AFFIRMED**.

This matter is **REMANDED** to the Bankruptcy Court for further proceedings as it deems necessary.

**IT IS SO ORDERED.**

Signed: March 7, 2008

Martin Reidinger
United States District Judge